# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 23, 2010

Lyle W. Cayce
Clerk

No. 08-11070
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HOWARD EARL TAYLOR, also known as TT,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:06-CR-71-ALL

Before DAVIS, SMITH and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Howard Earl Taylor, federal prisoner # 35623-177, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence following recent amendments to the Sentencing Guidelines for crack cocaine offenses. Taylor contends that the district court miscalculated his amended offense level, provided insufficient reasons for denying his motion, and committed procedural errors. He asserts that the district court erred by denying his motion without considering his post-incarceration prison record and, for the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-11070

first time on appeal, he contends that his access to the courts has been limited because he was not allowed access to his presentence report (PSR) when he filed his § 3582(c)(2) motion. The district court implicitly denied Taylor's request for the appointment of counsel, and Taylor requests that this court appoint counsel in his appeal.

The district court's decision under § 3582(c)(2) is reviewed for abuse of discretion, while its interpretation or application of the Guidelines is reviewed de novo. *See United States v. Doublin*, 572 F.3d 235, 237 (5th Cir.), *cert. denied*, 130 S. Ct. 517 (2009). The district court correctly determined that Taylor's amended offense level was 42. *See* U.S.S.G. Supp. to App'x C, Amend. 715. Taylor's amended offense level of 42 and his criminal history category of IV result in an imprisonment range of 360 months to life for each of Taylor's three conviction counts. U.S.S.G. Chap. 5, Sentencing Table (2006). Because the maximum of the guidelines range is greater than the statutorily authorized maximum sentence of 720 months, or 240 months per count, Taylor's post-amendment guidelines range remains at 720 months of imprisonment. U.S.S.G. § 5G1.1(c)(1) (2006). As the amendments to the crack cocaine guidelines do not result in lowering Taylor's guidelines range, the district court correctly determined that a reduction pursuant to § 3582(c)(2) is not authorized. § 1B1.10, comment. (n.1(A)) (2008); § 3582(c)(2).

Given that Taylor was ineligible for § 3582(c)(2) relief, his argument that the district court erred by failing to consider his post-incarceration prison record is not persuasive. Also, a district court "is not required to state findings of facts and conclusions of law when denying a § 3582(c)(2) motion." *United States v. Evans*, 587 F.3d 667, 674 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 3462 (2010) (internal quotation marks omitted). Moreover, proceedings under § 3582(c)(2) are not full resentencings, and the reasonableness standard derived from *United States v. Booker*, 543 U.S. 220 (2005), does not apply to § 3582(c)(2) sentencing reductions. *Dillon v. United States*, 130 S. Ct. 2683, 2692-93 (2010); *Evans*, 587

No. 08-11070

F.3d at 671-72.  As Taylor was ineligible for § 3582(c)(2) relief, he cannot show that his lack of access to his PSR affected his substantial rights.  *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).  Finally, there is no recognized right to the appointment of counsel in a § 3582(c)(2) proceeding.  *United States v. Whitebird*, 55 F.3d 1007, 1010-11 (5th Cir. 1995)*; United States v. Hereford,* No. 08-10452, 2010 WL 2782780, at *1-*2 (5th Cir. July 12, 2010) (unpub'd).  The interests of justice do not require the appointment of counsel on appeal because Taylor's appeal does not involve complicated or unresolved issues.  *Cf. United States v. Robinson*, 542 F.3d 1045, 1052 (5th Cir. 2008).

The judgment of the district court is AFFIRMED.  Taylor's motion for the appointment of counsel is DENIED.